IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PECO PALLET, INC. | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 1:15-cv-06811 ) |
| NORTHWEST PALLET SUPPLY CO. | ) Honorable Judge Andrea R. Wood ) |
| Defendant. | ) Magistrate Judge Michael T. Mason ) ) |

# FIRST AMENDED VERIFIED COMPLAINT

PECO Pallet, Inc. complains of Defendant Northwest Pallet Supply Co. as follows:

## INTRODUCTION AND NATURE OF THE ACTION

1. PECO brings this action based on the wrongful purchase, detention, sale, and loss of 175,000 of its shipping pallets, which Northwest refused to return unless PECO paid an extortionate price—even threatening to "dispose" of the pallets "by placing them in the dumpster." PECO's sole business is renting pallets, which are its stock-in-trade. After demanding for months that its property be returned, PECO filed suit in August 2015. Suddenly Northwest began returning pallets. But 31,009 pallets have not been returned; some have come back damaged; and Northwest continues to maintain that *it* owns all PECO pallets it encounters and may buy and sell them at will. After insisting that PECO pay Northwest several different and random fees ranging from $1.25 up to $2.15 per pallet to receive its property back, once PECO filed suit, Northwest raised the price to $4.75 per pallet. Now Northwest is demanding $15.00 per pallet.

2. Nor is it any wonder Northwest cannot account for over 31,000 PECO pallets. By its own admission, Northwest sells off PECO's pallets to third parties, often unknown to PECO, who in some cases take PECO's pallets to undisclosed locations without any oversight or ac-

countability by Northwest. This is contrary to Northwest's legal obligations as a bailee of PECO's rental property, and ultimately it causes PECO to lose track of certain of those pallets, as well. This raises PECO's costs to recover the pallets, and thereby lowers their value to PECO.

3. Given that PECO indisputably owns its rental property, the Court should award PECO the rental value of the pallets Northwest wrongly detained; the damage caused by Northwest's negligent handling of the pallets; and the replacement value of the 31,009 missing pallets—which, at approximately $21 per pallet, is over $651,000. Further, PECO is entitled to the reasonable expenses PECO incurred in recovering its pallets, as well as punitive damages. Additionally, the Court should enter a declaration that PECO owns its rental pallets and owes nothing to Northwest for returning them to its rightful owner. Finally, the Court should enter a permanent injunction forbidding Northwest from ever again buying, selling, or failing to return PECO's pallets.

**PARTIES, JURISDICTION, AND VENUE**

4. PECO is incorporated in Delaware; its principal place of business is in New York. Northwest is incorporated in Illinois; its principal place of business is in Illinois.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and Federal Rule of Civil Procedure 64 because there is complete diversity and the amount in controversy exceeds $75,000.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Northwest, the defendant, resides here and a substantial part of the property at issue is situated here.

**BACKGROUND**

*The pallet rental industry*

7. Traditionally, commercial goods in the United States moved on so-called "whitewood" pallets, which often are poorly constructed, do not adequately protect products, and are

difficult to load and unload. Of course, when goods are damaged in shipping, or take extra time to load, this raises costs for manufacturers and retailers—and ultimately consumers. In addition, manufacturers must purchase white-wood pallets, often at a cost of between $5 and $12 per pallet, and then immediately relinquish ownership of the pallets upon shipping the goods.

8. Thus, the market continues to grow for rented pallets (or "pooled pallets"), which are made of higher-quality, more resilient wood than white-wood pallets, and are designed to be loaded and unloaded by forklifts approaching from multiple angles. In addition, unlike white-wood pallets, rented pallets are environmentally friendly as they are constructed of sustainable forest lumber and are continuously recycled and repaired.

9. Although the ownership of white-wood pallets shifts as they are distributed, rental pallets remain the property of the company that rents them—the pooler. Rental pallets are painted distinctive colors, bear the designations of their respective owners, and are tracked by their owners throughout the distribution process.

10. Here is how the process works. Manufacturers rent pallets from PECO, which ships them from many regional service centers. After manufacturers load the pallets with goods, they are shipped to retailers, such as grocery chains. The retailers accept the goods on the pallets. Once the goods are unloaded from the pallets, the retailer returns the empty pallets to PECO, which repairs any damage and puts them back into circulation.

11. Unlike manufacturers, retailers are not charged for using rental pallets, but must return or make the pallets available to PECO. In this exchange, PECO receives the benefit of receiving its pallets back; and the retailers enjoy the benefit of receiving the goods they sell in good condition and on easy-to-move pallets.

12. Recognizing the mutual benefit of this exchange, for years many retailers returned PECO pallets for free; and some continue to do so. In recent years, other retailers have charged PECO a courtesy fee for returning its pallets (which PECO has paid as a matter of convenience, even though it was under no legal obligation to do so). The actual cost of sorting and loading PECO pallets is approximately $0.15 to $0.20 per pallet.

*"Stray" versus "in-network" pallets*

13. PECO ships its pallets from many service centers to a network of manufacturers, which ship the pallets to their retailers. In turn, the retailers arrange with PECO to return the pallets, or make them available, to PECO.

14. PECO has invested considerable resources in building its pool of rented pallets, which are the lifeblood of its business.

15. To guard its lifeblood, PECO carefully tracks the pallets from its service centers to manufacturers, on to retailers, and back to PECO through its proprietary, web-based Red<>Link™ system, which allows customers to log in from anywhere 24 hours a day to place orders, check delivery dates, and track pallet flows. All transactions are updated in real-time to ensure the data is accurate.

16. Manufacturers are required to report all transfers of PECO pallets to retailers using the Red<>Link™ system so that PECO knows precisely where its pallets are going.

17. Pallets tracked by PECO and accepted by retailers are considered "in-network." By definition, therefore, all pallets appearing on the docks of retailers are tracked by PECO and are in-network.

18. By contrast, PECO pays a higher fee for the return of "stray" pallets. A stray pallet is one that escaped PECO's network of manufacturers and retailers and wound up in the

hands of a third party—i.e., a non-retailer. Strays typically appear in small quantities, one or two at a time, and often result from inadvertent or illegal handling.

19. Because stray pallets are by definition out of PECO's network, PECO offers a higher payment for finding and returning strays—specifically $1.25 per pallet, plus transportation expenses if the finder delivers the pallets to PECO. PECO regularly communicates the distinction between in-network and stray pallets to the marketplace.

20. A pallet collected and returned from a retailer does not command the premium awarded for a stray pallet because it is not out of PECO's network.

21. One type of third party that may encounter PECO's pallets is a "pallet recycler," which, among other things, collects all types of pallets (white-wood and rental) from retailers' loading docks. This process is called "sweeping." After sweeping the docks, the pallet recycler sorts the pallets, and, in the case of rented pallets, returns them to their rightful owners, on behalf of the retailers.

22. In the case of PECO pallets, the pallet recycler returns the pallets by notifying PECO that a load is ready for pickup.

23. PECO can tell whether a load is comprised of in-network or stray pallets by identifying whether the pallets were collected from a retailer (in which case the pallets were in-network) or from someone other than a retailer (in which case the pallets were strays).

24. In any event, when a pallet recycler is sweeping the dock of a retailer, the recycler may also acquire white-wood pallets. Whatever price the pallet recycler can command for those pallets, it may keep for itself.

25. Thus, a pallet recycler receives a substantial benefit for sweeping a retailer's dock: It may keep all the white-wood pallets it finds and reap a profit on those pallets, less only a fee, if any, it must pay the retailer.

### *Pallets & bailments*

26. As a legal matter, when a retailer accepts product on a rental pallet a bailment relationship is formed concerning the pallet.

27. Under Illinois law, a bailment is the delivery of goods for some purpose, upon a contract, express or implied, that after the purpose has been fulfilled they will be redelivered to the bailor, or otherwise handled according to his directions or kept until he reclaims them.

28. A constructive bailment exists where the property of one person is voluntarily received by another for some purpose other than obtaining ownership. In such cases, the law implies a contract for the property to be kept until it is restored to the owner. In the meantime, the holder must preserve the property, not for the sake of any benefit to himself or upon any expectation of compensation for his services, but solely to accommodate the owner.

29. A bailee does not preserve property by selling it off to third parties, losing track of it, making it impossible for the bailor to track, and ultimately lowering its value (because lost property costs money to find and recover).

30. Because Northwest voluntarily received PECO's pallets for a purpose other than obtaining ownership, it must return PECO's property without expecting compensation.

### GENERAL ALLEGATIONS

### *Northwest refuses to return 175,000 pallets; threatens to "dispose" of them*

31. From May to August 2015, Northwest, a pallet recycler headquartered in Illinois, swept the docks of some of PECO's retailer customers and wrongfully detained approximately

175,000 PECO pallets, valued at $3.68 million. Almost 17,000 of these pallets were wrongfully detained at Northwest's headquarters in Belvidere, Illinois.

32. In exchange for returning PECO's pallets, Northwest at first demanded that PECO pay Northwest's random fees ranging from $1.25 to $2.15 per pallet, plus "storage" fees of $0.50 per pallet, per day, retroactive to June 1, 2015. The pallets are worth about $21.00 each, meaning that Northwest's purported $0.50 per day "storage" fee would have consumed the cost of the pallets after 42 days, at that point leaving PECO with no incentive to recover the pallets.

33. In July 2015, Northwest's National Sales Manager informed PECO that Northwest would withhold "any" shipments until PECO paid Northwest's demand price for the pallets.

34. Later that month, Northwest insisted on receiving a check for its demanded fees at pickup and demanded that PECO supply equipment and personnel to load its pallets. If PECO refused to pay its fees, Northwest threatened to "dispose" of PECO's pallets "by placing them in the dumpster."

35. PECO repeatedly demanded that Northwest return its pallets for $0.20 per pallet, which is a fair courtesy fee for the cost of sorting, loading, and returning pallets from the docks of PECO's retailer customers. These pallets were therefore wrongfully detained.

### *PECO files suit; Northwest immediately files its own retaliatory lawsuit and raises its price to $4.75, then $15.00*

36. On August 4, 2015, PECO brought an action against Northwest to recover its pallets and to prevent Northwest from again holding them hostage for an inflated price. The next day, PECO moved for entry of an order of replevin requiring law enforcement authorities to return the nearly 17,000 pallets being held by Northwest in Belvidere, Illinois.

37. After PECO filed its lawsuit in this Court, Northwest filed a retaliatory declaratory judgment action against PECO in the Western Division of this Court.

38. In its lawsuit, Northwest alleged that it buys and sells PECO's in-network pallets. As Northwest explained, "PECO's customers ship their products on PECO's pallets, which end up at distribution centers throughout the United States, including the distribution centers of Northwest['s] customers such as Home Depot, which, in turn, sell all of the pallets which end up at their distribution centers, including the red wood PECO pallets, to Northwest[.]"

39. Indeed, "Northwest [] buys pallets in bulk from its customers without knowing what type of pallet will be included in the purchase," and "[s]ome of the pallets purchased by Northwest Pallet are PECO pallets[.]"

40. After buying PECO's pallets and picking them up from retailers, Northwest holds them "until other manufacturers and distributors are ready to purchase and use the pallets."

41. According to Northwest's own receipts, in July 2015, Northwest sold 12 batches of PECO's rented—i.e., in-network—pallets to AAA Pallet Recycling, Inc. in Riverside, California. All told, the batches added up to 720 pallets, which Northwest sold for $1.65 per pallet, or $1,267.20. At $21 per pallet, replacing the 720 pallets cost PECO $15,120.

42. In some cases, recyclers such as AAA take PECO's pallets to undisclosed locations without any oversight or accountability by Northwest. This is contrary to Northwest's legal obligations as a bailee of PECO's rental property, and ultimately it causes PECO to lose track of certain of its pallets, which have left PECO's network. This raises PECO's costs to find and recover the pallets, and thereby lowers their value to PECO.

43. Although Northwest initially demanded that PECO pay $1.25 to $2.15 per pallet to return PECO's in-network pallets (plus "storage" fees), after PECO filed its lawsuit in August 2015, Northwest began sending invoices to PECO for $4.75 per pallet.

44. In October 2015, Northwest invoiced PECO at $15.00 per pallet.

45. PECO refuses to pay either $1.25, $1.95, $2.15, $4.75, or $15.00 per pallet, given that PECO is not required to pay anything to Northwest for the return of its pallets.

46. Faced with PECO's motion for an order of replevin, Northwest returned the almost 17,000 pallets from Belvidere, a process that ended by September 9, 2015. That same day, PECO withdrew its motion.

47. The rental value of the 16,948 Belvidere pallets from May to September 2015 is $72,181.

*Northwest claims to have returned all pallets; tens of thousands remain outstanding*

48. Since September 9, 2015, Northwest has repeatedly claimed to have returned all of the remaining rental 158,052 pallets that it withheld beginning in May 2015.

49. For example, on September 10, Northwest's counsel assured counsel for PECO that "all full truck loads of PECO pallets nationwide have either been picked up or are scheduled to be picked up."

50. Had Northwest indeed returned all 158,052 remaining pallets, the rental value from May to September would amount to $678,738.

51. Despite Northwest's assurances, however, PECO's Red<>Link™ system continues to show tens of thousands of pallets missing.

52. Nearly a month after Northwest claimed that "all full truck loads of PECO pallets nationwide have either been picked up or are scheduled to be picked up," on October 7, 2015, PECO received news through its own channels that some 7,800 PECO pallets were sitting in a Target distribution facility handled by Northwest in Rialto, California.

53. At $21 per pallet, the pallets sitting in Rialto were worth nearly $164,000.

54. PECO counsel sent photographs of the pallets to Northwest's counsel, who assured PECO's counsel that he had "been told" that there were "approximately 1,000 pallets." But the next day, Northwest's National Sales Customer Service Manager was asked directly by PECO how many PECO pallets Northwest had in Rialto, and he responded: "We look to have about 5K"—i.e., 5,000 pallets.

55. As of October 31, 2015, PECO's Red<>Link™ system showed that Northwest had still not returned 31,009 pallets from Northwest's Target facilities alone. At $21 per pallet, the replacement cost to PECO of these pallets is $651,189.

56. PECO has repeatedly demanded return of the remaining pallets.

57. On information and belief, Northwest has unlawfully disposed of, sold, or destroyed a number of these 31,009 unreturned PECO in-network pallets.

58. Further, of those pallets that Northwest has returned, many have suffered substantial damage during their time in Northwest's possession.

59. As a result of Northwest's wrongful detention and disposition of PECO's pallets, and damage to those pallets, PECO has lost rental income to which it is legally entitled and incurred additional expenses.

60. While they were detained, the pallets suffered damages of $30,046 in higher-than-normal wear and tear.

61. The affidavit of Jeff Euritt (*see* Exhibit A) is incorporated herein by reference.

## COUNT 1: REPLEVIN

62. PECO incorporates paragraphs 1-61.

63. From May to September 2015, Northwest wrongfully detained 16,948 PECO pallets in Belvidere, Illinois and demanded an unreasonable fee for their return.

64. PECO owns the pallets and, as such, was lawfully entitled to possess them.

65. Northwest has no ownership interest in PECO's pallets nor any security in, nor other right to possess, the pallets.

66. PECO demanded that Northwest return the pallets.

67. PECO's pallets were not taken for any tax, assessment, or fine levied by virtue of any law of the state of Illinois against PECO's property or any individual associated with PECO, nor seized under any lawful process against the goods and chattels of PECO subject to such lawful process or any individual associated with PECO, nor held by virtue of any order for replevin against PECO or any individual associated with PECO.

68. PECO is entitled to a judgment establishing that its pallets were wrongfully detained by Northwest, as well as damages for the detention of the property.

69. Because PECO's pallets are rental property, the proper measure of damages is their reasonable net rental value during the period of detention, which is $72,181.

## COUNT 2: CONVERSION

70. PECO incorporates paragraphs 1-69.

71. PECO is the lawful owner of its pallets.

72. PECO has an absolute and unconditional right to the immediate possession of its pallets.

73. Northwest has failed to return 31,009 PECO pallets from Target alone.

74. The approximate value of these pallets is $651,189.

75. PECO has demanded the return of these pallets from Northwest, but the pallets have not been returned.

76. Northwest has, with willful, malicious, and wanton disregard of PECO's rights, wrongfully and without authorization assumed control, dominion, or ownership over PECO's pallets.

77. PECO has been damaged as a proximate and direct result of Northwest's conversion of these pallets.

78. Based on Northwest's claim to own PECO's pallets, and to have the right to buy and sell them at will, Northwest will continue wrongfully and without authorization to assume dominion, control, or ownership over PECO's pallets in the future, thus requiring PECO to file a multiplicity of lawsuits to vindicate its rights.

79. The need to file a multiplicity of lawsuits in the future leaves PECO without an adequate remedy at law and an imminent, irreparable future injury.

### COUNT 3: DETINUE

80. PECO incorporates paragraphs 1-79.

81. Northwest has wrongfully possessed 175,000 of PECO's pallets.

82. These pallets are painted in a distinctive, bright red color and are easily distinguishable from pallets owned by other pallet-renters.

83. PECO has a superior right to the possession of its pallets.

84. PECO has demanded the return of these pallets from Northwest, but 31,009 of the pallets have not been returned.

85. As to the pallets that have been returned, PECO is entitled to recover damages for the period they were being wrongfully detained.

86. Because PECO's pallets are rental property, the proper measure of damages is their reasonable net rental value during the period of detention.

87. Additionally, PECO is entitled to recover the 31,009 pallets not yet returned by Northwest or, in the alternative, to receive their replacement value of $651,189.

### COUNT 4: TRESPASS TO CHATTELS

88. PECO incorporates paragraphs 1-87.

89. Northwest has wrongfully detained 175,000 of PECO's pallets, 31,009 of which remain unreturned.

90. Some of the returned pallets were damaged while being held by Northwest.

91. Because these actions amount to an intentional dispossession of, and intermeddling with, PECO's pallets, Northwest has engaged in a trespass to PECO's chattels.

92. PECO is entitled to damages as a result of this trespass.

### COUNT 5: NEGLIGENCE

93. PECO incorporates paragraphs 1-92.

94. As a constructive bailee, Northwest had a duty to exercise ordinary care in the handling, storage, and return of PECO's pallets.

95. Northwest negligently breached this duty, resulting in the delayed return of PECO's pallets, the loss of PECO's pallets, and damage to PECO's pallets.

96. These harms were the proximate result of Northwest's negligence.

97. PECO is entitled to compensatory damages for these harms caused by Northwest's negligence.

98. On information and belief, Northwest's mistreatment of PECO's pallets was colored by the underlying dispute with PECO, in which Northwest demanded exorbitant payments for return of PECO's pallets. As such, Northwest's conduct was willful and wanton.

99. PECO is entitled to punitive damages because of Northwest's willful and wanton conduct.

### PRAYER FOR RELIEF

WHEREFORE, PECO prays for a judgment against Northwest as follows:

(1) the net rental value of PECO's pallets while wrongfully detained;

(2) the expenses PECO incurred in recovering its wrongfully detained pallets;

(3)	an order directing Northwest to turn over the 31,009 converted pallets or to pay PECO their replacement value of $651,189;

(4)	compensation for damages to PECO's returned pallets caused by Northwest;

(5)	punitive damages;

(6)	a declaration that PECO owns its pallets regardless of where they are in PECO's distribution network;

(7)	a declaration that Northwest is entitled to no payment for returning PECO's pallets;

(8)	a permanent injunction forbidding Northwest from purchasing, detaining, selling, or disposing of PECO's pallets in the future; and

(9)	any other legal or equitable relief that the Court may find appropriate.

- 15 -

        Respectfully submitted,

        PECO Pallet, Inc.

        By: /s/ Andrew C. Nichols
        Andrew C. Nichols
        Winston & Strawn LLP
        1700 K Street, N.W.
        Washington, DC  20006

        Andrew J. Dixon
        Winston & Strawn LLP
        35 West Wacker Drive
        Chicago, IL  60601
        (312) 558-5600

December 4, 2015