**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NORTHWEST PALLET SUPPLY CO., | ) | |
| | ) | Case No.: 3:15-cv-50182 |
| Plaintiff, | ) | |
| | ) | Honorable Andrea R. Wood |
| v. | ) | Magistrate Judge Michael T. Mason |
| | ) | |
| PECO PALLET, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PECO PALLET, INC., | ) | |
| | ) | Case No.: 1:15-cv-06811 |
| Plaintiff, | ) | |
| | ) | Honorable Andrea R. Wood |
| v. | ) | Magistrate Judge Michael T. Mason |
| | ) | |
| NORTHWEST PALLET SUPPLY CO., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PECO PALLET, INC.'S MOTION TO COMPEL
THE PRODUCTION OF DOCUMENTS BY NORTHWEST PALLET SUPPLY CO.**

PECO Pallet, Inc. ("PECO"), by and through its undersigned counsel, respectfully moves this Court for the entry of an order compelling Northwest Pallet Supply Co. ("Northwest") to provide agreed-upon supplemental interrogatory responses and to produce documents and respond to interrogatories that are directly relevant to the claims that Northwest itself is asserting against PECO. In support of this motion, PECO states as follows:

1. Northwest's unilateral stay of production of documents and responses to interrogatories pending the Court's ruling on the parties' motions to dismiss is wholly improper. Northwest should be compelled to produce documents, provide interrogatory responses, and otherwise engage with PECO in the discovery process.

2. Northwest's five-count complaint against PECO includes claims for promissory estoppel, tortious interference with contract, and tortious interference with business expectancy. (*Northwest Pallet Supply Co. v. PECO Pallet, Inc.*, Case No. 3:15-cv-50182 (N.D. Ill.) (the "Northwest Litigation"), Dkt. No. 8.) PECO's motion to dismiss these claims (and others) is fully briefed and pending before the Court. Neither party has filed any motion to stay discovery pending the resolution of PECO's motion (or Northwest's motion to dismiss PECO's complaint).

3. Pursuant to the parties' ESI stipulation, entered by the Court on March 8, 2016, PECO has already produced nearly 9,000 documents, totaling over 25,000 pages. PECO's counsel estimates that it has reviewed approximately 60% of the collected documents. (Ex. 1, 3/30/16 Bayer Decl. ¶ 2.) In contrast, despite representations to PECO's counsel that it had hundreds of thousands of emails to review, Northwest has not yet produced a single document. (Ex. 1, 3/30/16 Bayer Decl. ¶ 3.)

4. Nor has Northwest provided supplemental interrogatory responses to PECO's First Set of Interrogatories that it agreed to provide in January 2016. (Ex. 2, 1/14/16 O'Neil Email; *see also* Ex. 3, PECO's First Set of Interrogatories.) After prodding from PECO's counsel in early February, Northwest's counsel promised to provide the supplemental responses "soon." (Ex. 4, 2/10/16 Wix Email.) Despite this representation, and repeated promises that supplemental responses were coming on certain dates, Northwest has not provided any

supplemental responses. (*See, e.g.*, Ex. 1, 3/30/16 Bayer Decl. ¶¶ 4-7; Ex. 5, 3/13/16 Bayer Email; Ex. 6, 3/18/16 Wix Email.)

5. Northwest is not entitled to continuously refuse to provide the requested information. PECO served these interrogatories on Northwest over five months ago and Northwest has been promising to provide the information for two and a half months. Northwest does not dispute that PECO is entitled to this information and there is no excuse for its continued refusal to engage in discovery.

6. In its untimely responses to PECO's Second Set of Requests for Production, Northwest also refused to produce documents that it concedes are relevant to the claims that Northwest is currently asserting against PECO. (*See* Ex. 7, PECO's Second Set of Requests for Production; Ex. 8, Northwest's Responses to PECO's Second Set of Requests for Production; Ex. 1, 3/30/16 Bayer Decl. ¶¶ 8-12.) For example, PECO seeks documents regarding Northwest's Total Pallet Solutions program. Northwest's complaint is replete with references to this program and it appears to be the ***only*** basis for Northwest's promissory estoppel and tortious interference claims. (*See, e.g.*, Northwest Litigation, Dkt. No. 8, ¶¶ 1, 10-15, 25, 38, 53, 55, 60-64.) And, Northwest's claim for unjust enrichment also features allegations regarding its Total Pallet Solutions—for example, Northwest alleges that it purchases PECO pallets form its customers as part of providing its Total Pallet Solutions and that "[w]hen purchasing pallets from its customers, [it] incurs substantial costs associated with the transportation, loading and unloading, sorting, storing, and shipping costs in . . . returning the red wood pallets to PECO." (*Id.* ¶ 38, 40.) Despite their clear relevance, citing confidentiality concerns, Northwest has refused to produce these documents unless and until the Court denies PECO's motion to dismiss

these claims, suggesting that it has little faith in its own claims. (Ex. 1, 3/30/16 Bayer Decl. ¶¶ 8-12.)

7. Northwest has taken the same position with respect to PECO's Second Set of Interrogatories, which seek nothing more than the factual basis for Northwest's tortious interference claims. (Ex. 9, PECO's Second Set of Interrogatories; Ex. 10, Northwest's Responses to PECO's Second Set of Interrogatories.; Ex. 1, 3/30/16 Bayer Decl. ¶¶ 13-14.)) Northwest's untimely response to each interrogatory stated: "that to the extent the information requested is relevant to any pending claims in this lawsuit, it will produce documents containing the requested information." (Ex. 10, Northwest's Responses to PECO's Second Set of Interrogatories.) But, the requested information *is* directly relevant to the claims Northwest currently has pending against PECO. These interrogatories seek, for example, the names of the customers and potential customers with whom PECO allegedly interfered, the circumstances of such interference, and the results of such interference—none of which PECO has any idea of. (Ex. 9, PECO's Second Set of Interrogatories.) Northwest's refusal to provide any information about these claims (even the names of the customers) raises the troubling concern that there is no factual support for the allegations it has made.

8. Pursuant to Local Rule 37.2 and this Court's standing orders on discovery motion practice, counsel for PECO has made a good faith effort to consult with counsel for Northwest by telephone in order to resolve this dispute. Specifically, PECO's counsel, including Kathryn Bayer and others, conferred by telephone with counsel for Northwest, David Wix, on January 13, January 14, March 2, March 18 and March 29. However, through no fault of PECO's counsel, the parties were unable to reach an accord.

9. Under Rule 26, parties are entitled to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). "This broad duty of disclosure extends to all documents that fit the definition of relevance for the purposes of discovery—whether the documents are good, bad or indifferent." *Northington v. H&M Int'l*, No. 08-cv-6297, 2011 WL 663055, at *10 (N.D. Ill. Jan. 12, 2011) (Mason, J) (internal quotations omitted). "Courts commonly look unfavorably upon significant restrictions placed upon the discovery process" and the "burden rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006) (Denlow, J.). The Court has broad discretion whether to compel discovery. *Id.* The recent amendments to the Federal Rules of Civil Procedure have done little to change these basic tenets of discovery abuses. *See* FED. R. CIV. P. 26 (Advisory Committee notes, 2015).

10. Northwest's refusal to produce documents or information responsive to the very claims that it is asserting against PECO is completely unwarranted. Regardless of what this refusal says about Northwest's belief in its claims, Northwest simply cannot refuse to produce relevant documents just because it does not want to. *See Lincoln Diagnostics, Inc. v. Panatrex, Inc.*, No. 07-CV-2077, 2009 WL 663035, at *2 (C.D. Ill. Mar. 11, 2009) ("[A] party cannot refuse to provide a document which is responsive to a request for production because it does not want to produce it.").

11. What is more, Northwest's position directly contradicts its prior agreements with PECO. For example, Northwest "agree[d] to produce any documents/information regarding any breach or modification of any contract due to actions taken by PECO even if the document does not specifically reference PECO, to the extent such documents exist. The same goes for the

5

cancellation/termination of any business relationship." (*See, e.g.*, Ex. 11, 2/19/16 Wix Email.)[1] And, in the parties' ESI Protocol, which this Court adopted on March 9, Northwest agreed to search for and produce documents that "hit" on the search terms "total pallet management" and "total pallet systems." (*See* Northwest Litigation, Dkt. No. 61.)

12. Northwest's position also directly contravenes the Court's standing order on discovery motion practice which states that "the pendency of a dispositive motion does not, in itself, operate to stay discovery." (Judge Wood Standing Order on Discovery Motion Practice.) Despite this unequivocal statement, Northwest has decided to unilaterally stay discovery during the pendency of PECO's motion to dismiss. This is wholly improper.

13. The Seventh Circuit has already ruled against Northwest's contention. In *Daniel J. Hartwig Associates, Inc. v. Kanner*, the Seventh Circuit rejected the argument that discovery should not proceed while a dispositive motion is pending: "We know of no statute, case law, local rule or custom in the Seventh Circuit that condones" the plaintiff's strategy of "deliberately cho[osing] not to engage in discovery during the pendency of his motion to dismiss." 913 F.2d 1213, 1223 (7th Cir. 1990).

14. Nor are Northwest's purported concerns regarding confidentiality of the requested documents a sufficient reason to withhold them in light of the protective order entered in this case. *See Feature Films Servs., Inc. v. Arts & Entm't Network Corp.*, No. 91 C 459, 1991 WL 290677, at *1-2 (N.D. Ill. Jan. 13, 1991) (Parson, J.) (granting motion to compel where defendant's "concern over confidentiality is disposed of by the protective order," since "it is

---

[1] It is unclear whether Northwest is backing out of its agreement to produce such documents. To the extent that it is, there is no basis for such refusal for all the reasons there is no basis to refuse to produce the documents pertaining to Northwest's total pallet program. Similarly, during the parties' March 18 conference, counsel stated that Northwest would not be producing documents relating to its promissory estoppel claim unless and until the Court denied PECO's motion to dismiss. (Ex. 1, 3/30/16 Bayer Decl. ¶ 10.) Again, this objection is completely baseless and does not excuse Northwest from its discovery obligations related to its own claims.

precisely the purpose and function of a protective order to protect confidential information, i.e. if the information were *not* confidential there would be less or no need for a protective order") (quotations omitted).[2]

15. Every excuse set forth by Northwest for refusing to engage in the discovery process is entirely without merit. Northwest should not be permitted to unilaterally stay discovery.

16. For the reasons set forth above, PECO requests that the Court enter an order compelling:

- Northwest to produce documents on a rolling basis;
- Northwest to produce documents relevant to the claims they are currently asserting against PECO without waiting for the Court's ruling on PECO's motion to dismiss; and
- Northwest to provide supplemental responses to PECO's First Set of Interrogatories and substantive responses to PECO's Second Set of Interrogatories by April 8.

Dated: March 30, 2016

                Respectfully submitted,

                **PECO Pallet, Inc.**

                By: /s/ William C. O'Neil
                Daniel D. Rubinstein
                William C. O'Neil
                Kathryn W. Bayer
                Andrew J. Dixon
                WINSTON & STRAWN LLP
                35 West Wacker Dr.
                Chicago, Illinois 60601
                (312) 558-5600

---

[2] In fact, the Protective Order further extinguishes Northwest's argument by expressly providing that except for privilege grounds, "no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection." (Northwest Litigation, Dkt. No. 46 at 7.)

**CERTIFICATE OF SERVICE**

The undersigned attorney, upon oath, hereby certifies that a copy of the foregoing PECO Pallet, Inc.'s Motion To Compel The Production Of Documents By Northwest Pallet Supply Co. was served via CM/ECF upon the parties listed below on the March 30, 2016:

>Daniel W. Tarpey
>David G. Wix
>Kevin T. Mocogni
>Tarpey Wix LLC
>225. W. Wacker Dr., Suite 1515
>Chicago, IL 60606
>(312) 948-9090
>Attorneys for Northwest Pallet Supply Co.

By: /s/ Andrew J. Dixon