IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PECO PALLET, INC. | ) | Case No. 1:15-cv-06811 |
| Plaintiff, | ) | |
| v. | ) | Honorable Judge Andrea R. Wood |
| | ) | Magistrate Judge Michael T. Mason |
| NORTHWEST PALLET SUPPLY CO. | ) | |
| Defendant. | ) | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NORTHWEST PALLET SUPPLY CO., | ) | Case No.: 3:15-cv-50182 |
| Plaintiff, | ) | |
| v. | ) | Honorable Judge Andrea R. Wood |
| | ) | Magistrate Judge Michael T. Mason |
| PECO PALLET, INC., | ) | |
| Defendant. | ) | |

**PECO PALLET, INC.'S RESPONSE TO NORTHWEST PALLET SUPPLY CO.'S
MOTION TO COMPEL AND TO EXTEND DISCOVERY FOR LIMITED PURPOSES**

Daniel D. Rubinstein
William C. O'Neil
Kathryn W. Bayer
Thomas G. Weber
**WINSTON & STRAWN LLP**
35 West Wacker Dr.
Chicago, IL 60601
(312) 558-5600

For the reasons below, PECO, by and through its undersigned counsel, respectfully requests that this Court deny Northwest's Motion to Compel and to Extend Discovery for Limited Purposes (the "Motion").

**INTRODUCTION**

The Motion should be denied because it seeks to compel documents which were indisputably never requested during the course of discovery (which is now closed). Through the Motion, Northwest seeks the production of files from PECO's law firm, Winston & Strawn LLP. Northwest admits that it never requested the documents it now seeks to compel, whether via a first-party request for production to PECO or a third-party subpoena to Winston & Strawn LLP. It nevertheless now seeks to compel their production because Northwest is interested to learn more about why its co-conspirator settled out from underneath Northwest and began cooperating with PECO. But, PECO has already produced everything Northwest could ever hope to have on the issue. Specifically, PECO has produced the ███████████████████████████████ ███████████ including all exhibits and attachments thereto. PECO has likewise produced the ███████████████████████████████████████ including all drafts thereof. Northwest has also taken two depositions of ███████████████████████████████████ and received documents produced pursuant to third-party subpoenas issued to ███████████████ ███████████████████████. This issue has been (more than) exhausted. Northwest has every document it requested under the discovery devices available to it under the Federal Rules. Nothing further is warranted or appropriate. The Motion should be denied.

**FACTUAL BACKGROUND**

A. PECO's Downstreaming Counterclaim and ▇▇▇▇ Production of Documents

In PECO's Counterclaim against Northwest (Dkt. 100), PECO alleges Northwest was unjustly enriched by a conspiracy it entered with a grocery retailer named ▇▇▇▇. Specifically, Northwest and ▇▇▇▇ agreed to take PECO rental pallets that arrive at ▇▇▇▇ distribution centers and re-use them on a rent-free basis within ▇▇▇▇ distribution network instead of returning those pallets to PECO. In other words, once PECO's pallets arrived at ▇▇▇▇ distribution centers, ▇▇▇▇ and Northwest elected to re-use them to ship goods from the distribution centers to the individual retail store level instead of returning them to PECO. This process is referred to in the pallet industry as "downstreaming." As a result of this behavior, PECO was deprived of the ability to rent its pallets to other retailer customers and the rental revenue (approximately $5 per pallet per use) with respect to their additional usage by ▇▇▇▇ and Northwest.

PECO validated this conduct through a third-party subpoena it issued upon ▇▇▇▇ (Exhibit 2.)[1] ▇▇▇▇ produced documents responsive to PECO's subpoena and a companion subpoena issued by Northwest on April 13, 2017. The ▇▇▇▇ documents told a compelling story that fully supported PECO's allegations in its Counterclaim: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The emails produced by ▇▇▇▇ included:

- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[1] Unless otherwise noted, cites to exhibits are to the exhibits that Northwest submitted in support of its Motion.

- ███████████████████████████████████████████
  ███████████████████████████████████████████
  ███████████████████████████████████

- ███████████████████████████████████████████
  ████████████

- ███████████████████████████████████████████
  ███████████████████████████████████████████
  █████████████████████████

- ███████████████████████████████████████████
  ███████████████████████████████████████████

**B.     PECO and ███████ Settlement Agreement and Use and Sorting Agreement**

Confronted with this overwhelming evidence of wrongdoing, Northwest's co-conspirator
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
█████████████████████████████████████



**C. PECO's Production of the ▮▮▮▮▮ and Non-Responsiveness of the ▮▮▮▮▮**

PECO produced to Northwest the Use and Sorting Agreement on July 7, 2017. Northwest had this document for the entirety of oral discovery. PECO produced that document under its continuing obligation to disclose because it set forth the commercial terms between PECO and ▮▮▮▮▮ This voluntarily agreed upon rate, which is a data point relevant to the ultimate issue in this case (i.e., what compensation PECO allegedly owes Northwest for performing similar services to ▮▮▮▮▮), was produced to Northwest because it was responsive to specific document requests that Northwest had served upon PECO. *See, e.g.*, Northwest's First RFPs Nos. 3 and 4 (requesting documents concerning any efforts by PECO to recover and return its pallets from retailers and agreements with retailers regarding the recovery or return of pallets).

The ███████████, however, is a different story. The ███████████ does not relate to the ongoing business relationship between PECO and ███████ or the particular terms of that relationship. Nor is it an agreement addressing the recovery or return of PECO pallets. It was simply a standard settlement agreement between two private parties that did not speak to the specific terms of their prior or future business relationship. Because there was no corresponding discovery request, PECO never had an obligation to produce it.[2]

D. **PECO's Production of the ███████████**

███████████ This uncontroversial provision had a simple purpose: to make sure that, if necessary, PECO would have access to truthful testimony from ███████ because ███████ was located outside the subpoena power of this Court.

Accordingly, on December 18, 2017—six months after ███████ was given a complete release by PECO pursuant to the ███████████ PECO produced this affidavit to Northwest *the next day* on December 19, 2017, which was 12 days before the ███████ depositions on January 10, 2018.[3] The ███████ stated, among other things, that:

- ███████████████████████████████████████████

---

[2] As explained below, despite having no such obligation to produce, PECO produced the ███████ within 24 hours after Northwest requested it.

[3] Northwest deposed ███████████████████████████, first on January 10, followed immediately by ███████ in his individual capacity.

5



Thus, long before the depositions of ▮▮▮ on January 10, 2018, Northwest knew: (i) ▮▮▮ testimony regarding PECO's downstreaming claim, (ii) the terms of the business relationship between PECO and ▮▮▮, and (iii) had in its possession the ▮▮▮▮▮.

E. **Northwest's Subpoenas to ▮▮▮ Outside Counsel**

After receiving the ▮▮▮ from PECO, on January 3, 2018, Northwest subpoenaed ▮▮▮ for a deposition. (Exhibit 5.) ▮▮▮ sat for his deposition on January 10. As explained below, Northwest had a full and fair opportunity to examine ▮▮▮ on the substance of the affidavit and circumstances behind its execution.

Also on January 3, 2018, Northwest subpoenaed ▮▮▮, for documents. (Exhibit 6.) Northwest's subpoena requested documents regarding all prior drafts of the ▮▮▮ and any communications between ▮▮▮ and Winston & Strawn LLP relating to the ▮▮▮. ▮▮▮ produced responsive documents on January 9, 2018. That production included: (i) redline versions of the ▮▮▮, and (ii) communications in ▮▮▮ possession, custody, and control with Winston & Strawn regarding the ▮▮▮

Affidavit. (Exhibit 6.) The ███████ production was about 25 pages in total, so Northwest was able to review those documents prior to the ████████████████████ depositions the next day. Northwest followed up with ███████ for additional documents, but ███████ stood by its prior production.

**F.     PECO's Production of the ███████████**

On the evening of January 9, 2018, Northwest's counsel requested that PECO's counsel produce the ███████████ prior to the ███████ depositions the following day. PECO's counsel responded that Northwest had never issued a document request covering the ███████████, nor had a subpoena ever been issued to Winston & Strawn for that document. (Exhibit 8.) There was, simply put, never a production obligation. Nevertheless, and despite PECO's and ███████ prior production of documents to Northwest, PECO's counsel offered to provide the ███████████ to Northwest's counsel if it would put an end to Northwest's ongoing discovery requests. Northwest's counsel refused. Regardless, PECO's counsel tendered a copy of the four-page ███████████ to Northwest's counsel prior to the ███████ deposition, within 24 hours of Northwest requesting it. (Motion at 7.) Northwest had every chance, and in fact did, question ███████ about it.

## ARGUMENT

**A.     Northwest's Present Motion Largely Addresses Documents That PECO Has Already Produced and Northwest Has In Its Possession, Custody, and Control**

PECO (or ███████) have produced practically every document that Northwest references in the Motion. In fact, the first ten pages of Northwest's Motion complain about documents that ***were already produced to Northwest***, and have no relevance to the Motion. It is undisputed that:

- ***PECO produced*** the ███████████ on July 7, 2017. (Motion at 3.)

- ***PECO produced*** the ███████████ on December 29, 2017, 12 days before the ███████ depositions on January 10, 2018. (Motion at 4.)

- Despite its ongoing objections to relevance, and lack of a matching document request, ***PECO produced*** the ███████████ within 24 hours of Northwest's first request for it. Northwest used the ███████████ to question ███████ at his deposition. (Motion at 7.)

- ███████ *produced* the versions of the ███████████, as well as its communications with Winston & Strawn that were in its possession, custody, and control. (Motion at 5.)

After recounting this history and PECO's production of these documents to Northwest, Northwest's Motion finally includes a single paragraph with its request for an "Order compelling that PECO produce" all communications between its lawyers and ███████, as well as "every communication" with any third-party in this case.[4] (Motion at 10.) The glaring problem, though, is that, as explained below, Northwest never formally or informally requested this information, it is not responsive to a document request, and Northwest has suffered absolutely no prejudice.

**B.    Northwest Never Requested That PECO Produce the Documents Subject to the Current Motion**

Astonishingly, Northwest requests that this Court compel production of certain documents even though it fails to identify a single document request that ever sought this information. Paragraph 29, which is the sole basis for the Motion, makes no such reference. And, in fact, there is no document request from Northwest that, read in good faith, asked PECO to produce (to the extent they even exist) communications between PECO's outside counsel and any third-party about this case—a topic which, even if requested, is extremely broad and unduly burdensome. PECO has no obligation to produce documents that Northwest never requested, and Northwest's

---

[4] By this Motion, Northwest is signaling to future litigants and opposing counsel that it believes that all communications between lawyers and third-party subpoena recipients and potential trial witnesses are fair game in discovery. PECO would submit that this is not a frequently followed practice.

8

Motion failed to tie these documents to any pending request, thus waiving the issue. Under Rule 37, a party may only move for an order compelling production if a party fails to respond to document requests made under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). The Committee Notes emphasize that "Rule 37(a) provides relief to a party seeking discovery against one who, with or without stated objections, fails to afford the *discovery sought*." *Id.* (emphasis added). Accordingly, the Court cannot compel PECO to produce documents that were never requested. *See, e.g.*, *Hubbell Indus. Controls, Inc. v. Electro Power Sys. of Utah, Inc.*, No. 12-CV-8609, 2013 WL 5676916, at *6 (N.D. Ill. Oct. 17, 2013) (denying motion to compel because documents at issue were never requested); *Eley v. Herman*, No. 1:04–CV–00416, 2006 WL 276741, at *3 (N.D. Ind. Feb. 2, 2006) ("[defendant] cannot be compelled to produce a document that [plaintiff] did not request").

Northwest itself has produced no documents to PECO reflecting communications between its lawyers and third-party subpoena recipients or possible trial witnesses, an admission that Northwest too believes that such documents are not reasonably within the scope of discovery. That is, while Northwest's Motion is based upon the premise that it is entitled to (unrequested) lawyer communications regarding an affidavit produced by a third-party in this litigation, Northwest has completely failed to produce similar communications of its own. At 10:00 pm on January 22, 2018, the final day of fact discovery in this case, Northwest produced to PECO the affidavit of Steve Phillips, a former Kmart employee. PECO, of course, was not aware of this affidavit until fact discovery had practically concluded, and Northwest has not produced a single communication or draft of the Phillips affidavit to PECO. If Northwest believed that these communications or drafts were relevant to either parties' claims or defenses, and if an applicable document request existed, Northwest would have produced those documents. But it did not.

The discovery obligations apply equally to both parties. Northwest never produced these drafts or communications for Mr. Phillips' affidavit (or for any other potential trial witness or third-party). This Court should not impose a one-sided obligation upon PECO, especially given the productions PECO has already made and the lack of prejudice below.

C. **Northwest Has Suffered No Prejudice**

Just like Northwest fails to identify a document request behind its current Motion, it similarly fails to explain any prejudice it has suffered in the absence of the documents it now requests. Paragraph 29 says nothing about prejudice. The most conceivable purpose for these "new" documents is to be able to cross-examine certain witnesses on bias and the motivations behind their testimony. But Northwest already has a full arsenal of documents ▮▮▮ to pursue that strategy and, in fact, questioned ▮▮▮ witnesses at length already on that issue.

Specifically, Northwest took the deposition of the ▮▮▮ for over five hours. Northwest's counsel asked ▮▮▮ about his knowledge of the ▮▮▮. ▮▮▮ was aware of neither. (Exhibit 16 at 83-85.) ▮▮▮ also testified that he was not involved in the negotiation of the ▮▮▮. (Exhibit 16 at 106-107.) The current Motion is meaningless with respect to ▮▮▮ already-concluded deposition.

Northwest also deposed ▮▮▮ with the benefit of the documents above. Northwest had the opportunity to examine ▮▮▮ on any alleged bias relating to the ▮▮▮ and did so. These new documents would add nothing more to that narrative that Northwest is trying to develop.

10

### D. A Limited Extension of Discovery Is Not Warranted

As part of the Motion, Northwest seeks to extend discovery for "limited purposes." Northwest's requested relief, though, is to compel PECO to produce "every" communication between its lawyers and ▅▅▅▅▅, as well as "every communication" between its lawyers and "any non-party, subpoena recipient or potential witness in this case." These requests are extremely broad and overly burdensome. These are not discrete documents that could be gathered quickly and without substantial costs. This case has been pending since August 2015 and document productions were first made in 2016. Northwest's Motion, on its own, does not present a well-founded basis to extend discovery, but this is especially so in light of the documented history of PECO producing the operative documents to Northwest.

### E. PECO and ▅▅▅▅▅ Agreement

Northwest's Motion also challenges PECO's production of an agreement between PECO and ▅▅▅▅▅ (a retailer). Northwest requests a deposition and discovery regarding this agreement because it was produced on the last day of fact discovery and, unlike the other prior agreements PECO has produced over the months, Northwest did not have a chance to pursue discovery for the ▅▅▅▅▅ agreement. So that the case can move forward expeditiously, PECO will voluntarily withdraw the ▅▅▅▅▅ agreement from the record of this case. That portion of Northwest's Motion is therefore moot.

### CONCLUSION

For these reasons, PECO respectfully requests that this Court deny Northwest's Motion to Compel and to Extend Discovery For Limited Purposes in entirety.

11

Respectfully submitted,

PECO Pallet, Inc.

By: /s/ William C. O'Neil
William C. O'Neil
Daniel D. Rubinstein
Kathryn W. Bayer
Thomas G. Weber
W<span>INSTON</span> & S<span>TRAWN</span> LLP
35 West Wacker Dr.
Chicago, IL 60601
(312) 558-5600

*Attorneys for PECO Pallet, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned attorney, upon oath, hereby certifies that a copy of the foregoing was served via CM/ECF upon the parties listed below on January 31, 2018:

>Daniel W. Tarpey
>David G. Wix
>Matthew Showel
>TARPEY WIX LLC
>225. W. Wacker Dr., Suite 1515
>Chicago, IL 60606
>(312) 948-9090
>
>*Attorneys for Northwest Pallet Supply Co.*

By: /s/ Thomas G. Weber