IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PECO PALLET, INC., | ) | |
| | ) | Case No.: 15-cv-6811 |
| Plaintiff, | ) | |
| | ) | Honorable Andrea R. Wood |
| v. | ) | |
| | ) | Magistrate Judge Michael T. Mason |
| NORTHWEST PALLET SUPPLY CO., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| NORTHWEST PALLET SUPPLY CO., | ) | |
| | ) | Case No.: 15-cv-50182 |
| Plaintiff, | ) | |
| | ) | Honorable Andrea R. Wood |
| v. | ) | |
| | ) | Magistrate Judge Michael T. Mason |
| PECO PALLET, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**NORTHWEST PALLET'S
REPLY IN SUPPORT OF ITS MOTION TO COMPEL AND TO EXTEND DISCOVERY
FOR LIMITED PURPOSES**

Northwest Pallet Supply Co. ("Northwest Pallet"), through its counsel, Tarpey Wix LLC, for its Reply in Support of its Motion to Compel and to Extend Discovery for Limited Purposes, states the following:

**ARGUMENT**

PECO's arguments that Northwest Pallet's Motion to Compel and to Extend Discovery for Limited Purposes (the "Motion") should be denied because Northwest Pallet's written discovery requests did not specifically request the ▮▮▮▮▮▮▮▮▮▮ between PECO and ▮▮▮▮▮▮ and Northwest Pallet has not suffered any prejudice by its late disclosure, after PECO withheld production of the ▮▮▮▮▮▮▮▮▮ until the moments before the deposition

of ▇▇▇▇▇ on January 10, 2018 – even though the ▇▇▇▇▇ was executed on July 7, 2017 – are not only are inaccurate, but defy logic. Essentially, PECO is claiming that Northwest Pallet somehow should have known of the existence of the ▇▇▇▇▇ and specifically requested a copy of it prior to the close of discovery even though PECO concealed its existence and should have produced it many months prior to January 10, 2018. Had PECO produced the ▇▇▇▇▇ in July 2017 when it should have, along with the ▇▇▇▇▇ between PECO and ▇▇▇▇▇, which was entered into pursuant to the terms of the ▇▇▇▇▇ and was attached as Exhibit A to the ▇▇▇▇▇, Northwest Pallet would have immediately requested the same documentation that it is requesting now well before the close of discovery. Given the obvious connection between the ▇▇▇▇▇ subsequent decision to enter into ▇▇▇▇▇ when faced with threats by PECO of litigation against it for alleged illegal downstreaming of PECO pallets, Northwest Pallet should be entitled to the requested discovery. This Court should not condone PECO's gamesmanship in producing an exhibit to the ▇▇▇▇▇ but not producing the ▇▇▇▇▇ itself by denying Northwest Pallet's Motion simply because PECO's concealment of the ▇▇▇▇▇ was not discovered until near the close of fact discovery.

As an initial matter, PECO's primary argument that the ▇▇▇▇▇ was not responsive to Northwest Pallet's written discovery requests, and therefore PECO cannot be compelled to produce the documents and communications sought by this Motion, is wholly inaccurate without merit. The ▇▇▇▇▇ is plainly responsive to Northwest Pallet's document requests. For example, as PECO admits, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇



Doc. No. 182, p. 4. ███████████████

both in the main document and in the exhibit to the main document, which was th█████ ███████████ PECO did produce and intends to use at trial. Unquestionably, the ███████████ is an "agreement[s] with [a] retailer[] regarding the recovery or return of pallets" which was one of Northwest Pallet's document requests. *Id.* It is responsive to that document request, at a minimum, and should have been produced back in June 2017 when it was executed. For PECO to contend in the face of the language used in ████████████████ that it somehow "did not speak to the specific terms of their [████████████]…future business relationship" or that Northwest Pallet never requested any agreements related to the recovery of pallets is galling.

The only reason Northwest Pallet did not request the documents sought by this Motion earlier is because of PECO's gamesmanship in failing to produce ████████████████ six months earlier when it produced an exhibit to that ████████████. As soon as Northwest Pallet learned of the existence of ████████████████ – the afternoon before the ██████████ depositions and a mere 13 days before the close of discovery – Northwest Pallet immediately sought the documents that are the subject of this Motion. Northwest Pallet could not have acted any more expeditiously.

In sum, not only should ████████████████ have been produced in response to Northwest Pallet's existing discovery requests, but Northwest Pallet immediately sought documents and communications relevant to that ████████████ as soon as its existence was discovered. This is not a situation where Northwest Pallet is seeking to compel the

production of documents that were never requested or discovery related to documents that were known to it for months and, as such, PECO's reliance on the *Hubbell Indus.* and *Eley* cases is misplaced.

Northwest Pallet should be afforded an adequate opportunity to explore the reasons why █████████, which was being accused by PECO of engaging in alleged illegal activity with Northwest Pallet, (1) suddenly decided to enter in a ████████████████, the likes of which it had never previously entered into with PECO, and, perhaps more important, (2) agreed to ████████████ for the sorting, stacking and loading of PECO Pallets. These two issues are critical in this case because, as PECO readily admits, it intends to use the ████████ ████████████████████ as "a data point relevant to the ultimate issue in this case (i.e., what compensation PECO allegedly owes Northwest for performing similar services to ████████)." (Doc. 182, p. 4). Denying Northwest Pallet an opportunity to conduct discovery that would shed light on these two issues – primarily through the narrowly tailored request for the communications between PECO's counsel, Winston & Strawn, and ████████████ ██████████████████████████████████ – would be patently unfair and highly prejudicial to Northwest Pallet.

Contrary to the claims made in PECO's response, Northwest Pallet has not been able to fully explore the reasons why ████████ entered into a ████████████████ with PECO for ████████ despite having the opportunity to depose ████████████████ ██████████████████. Importantly, ████████████████████ both testified that they had no knowledge or information regarding why ████████ entered into ████████ ████████████████████████████████████████████████████████████████████ ██████████████████████████ was negotiated. This fact alone provides a sufficient basis to

4

grant the Motion, not deny it. Northwest Pallet is entitled to discovery as to how the parties concluded that ▮▮▮▮▮▮▮▮▮▮ was "fair market value", particularly while ▮▮▮▮▮▮ was being threatened with litigation.

Similarly, none of the other documents referenced by PECO in its Response – ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ – shed light on these two issues. Indeed, the most likely source for this information, particularly to ascertain PECO's use of the sword of litigation to obtain favorable documents it intends to use in support of its defenses to Northwest Pallet's claims in this case, is the correspondence between counsel for PECO and ▮▮▮▮▮▮▮▮. PECO does not, because it cannot, argue that those communications are privileged or otherwise protected from discovery. The "best" argument it can come up with is that Northwest Pallet did not produce communications between its counsel and third-party subpoena recipients. However, that argument is misplaced and irrelevant. The circumstances here – PECO's use of strong-arm tactics to coerce an alleged co-conspirator with Northwest Pallet to provide favorable testimony and execute a PECO-friendly agreement that PECO now intends to use against Northwest Pallet – are completely different and warrant discovery of the communication that led to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮. No such similar circumstances exist with respect to Northwest Pallet's communications with third-party subpoena recipients, which is precisely why PECO never requested any such communications. PECO's attempt to divert this Court's attention away from the matter at hand by referencing irrelevant and dissimilar communications with other third-party subpoena recipients is a red herring.

5

WHEREFORE, for the foregoing reasons, Northwest Pallet Supply Co., respectfully requests that the Court grant its motion to compel and enter an order compelling the limited discovery sought herein and for any other relief this Court deems proper and just.

**DATED**: January 31, 2018

Respectfully submitted,

**Northwest Pallet Supply Co.**

/s/ David G. Wix
Tarpey Wix LLC
*Attorneys for Plaintiff*

Daniel W. Tarpey
David G. Wix
Matthew M. Showel
**TARPEY WIX LLC**
225 W. Wacker Drive, Suite 1515
Chicago, IL 60606
(312) 948-9090 Office
(312) 948-9105 Fax

**CERTIFICATE OF SERVICE**

I, undersigned attorney, hereby certify that on January 31, 2018, I electronically filed Northwest Pallet's Reply in Support of Its Motion to Compel and to Extend Discovery for Limited Purposes with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

    /s/ David G. Wix
David G. Wix
Tarpey Wix LLC
225 W. Wacker Drive, Suite 1515
Chicago, IL 60606
(312) 948-9090
dwix@tarpeywix.com
*Attorneys for Northwest Pallet Supply Co.*