IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PECO PALLET, INC., | ) | |
| | ) | Case No.: 15-cv-6811 |
| Plaintiff, | ) | |
| | ) | Magistrate Judge Michael T. Mason |
| v. | ) | |
| | ) | |
| NORTHWEST PALLET SUPPLY CO., | ) | |
| | ) | |
| Defendant. | ) | |
| | | |
| NORTHWEST PALLET SUPPLY CO., | ) | |
| | ) | Case No.: 15-cv-50182 |
| Plaintiff, | ) | |
| | ) | Magistrate Judge Michael T. Mason |
| v. | ) | |
| | ) | |
| PECO PALLET, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT
OF NORTHWEST PALLET'S MOTION TO
<u>EXCLUDE THE TESTIMONY OF JONATHAN GURYAN</u>**

For its memorandum of law in support of its motion to exclude the testimony of Dr. Jonathan Guryan at trial of this case, Northwest Pallet Supply Co. ("Northwest Pallet") states as follows:

**<u>INTRODUCTION</u>**

[text redacted]

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

█

Guryan has never utilized this methodology before and cannot present evidence that anyone has ever published a study like this. Nor does Dr. Guryan have any experience analyzing prices or costs in the pallet industry. Nor is there any way for Northwest Pallet to test the accuracy of Guryan's methodology. As such, Guryan's approach in this case falls well short of the standards for admissibility set forth in Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals*., 509 U.S. 579 (1993).

In addition to being unreliable and untested, his opinion merely complicates an otherwise straightforward issue—Northwest Pallet's costs to SS&L PECO pallets. His opinion will lead to a "trial within the trial" about his assumptions and methodology, issues which are totally unnecessary to the resolution of this case and more likely to confuse a jury than help it. His testimony should therefore be excluded from trial.

## PALLET INDUSTRY SUMMARY

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████

    ███████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████

    ███████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████

## DR. GURYAN'S QUALIFICATIONS

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

## DR. GURYAN'S ANALYSIS

███████████████████████████████████████████████

███████████████████████████████████████████████

[Page contents redacted]

[redacted]

[redacted]

[redacted]

[redacted]

███████████████████████████████████████████████████████████

███████████████████████████████

## ARGUMENT

"The admissibility of expert testimony is governed by Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals.*" *Hall v. Flannery*, 840 F.3d 922, 926 (7th Cir. 2016) (cite omitted). The proponent of the expert testimony bears the burden of establishing the testimony is admissible. *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009). "Expert testimony is admissible when the testimony is reliable and would assist the trier of fact to understand the evidence or determine a fact at issue in a case." *Id.* The Court must engage in a three-step analysis before admitting expert testimony: it must determine whether the witness is qualified; whether the expert's methodology is scientifically reliable; and whether the testimony will assist the trier of fact to understand the evidence or to determine a fact in issue. *Myers v. Illinois Central R.R. Co.*, 629 F.3d 639, 644 (7th Cir. 2010).

Before considering whether the testimony will assist the trier of fact to understand or determine a fact in issue, a district court must determine whether the reasoning or methodology underlying the testimony is scientifically valid. *Happel v. Walmart Stores, Inc.*, 602 F.3d 820, 824 (7th Cir. 2010). The expert's opinion must employ "the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). *Daubert* sets forth four non-exhaustive factors for the district court to consider when assessing an expert's methodology: "(1) whether the theory has been or is capable of being tested; (2) whether the theory has been subjected to peer review and publication; (3) the theory's known or potential rate of error; and (4) the theory's level of acceptance within the relevant community." *Bielskis v. Louisville Ladder, Inc.*, 663 F.3d 887, 894 (7th Cir. 2011).

**a. Dr. Guryan's Assumptions Are Untested and Untestable.**

Guryan's assumptions in this case are untested and there is no practical way for Northwest Pallet to test them. "[A] key question to be answered in determining whether a theory or technique is scientific knowledge that will assist the trier of fact will be whether it can be (and has been) tested." *Daubert*, 509 U.S. at 593. An expert's opinion is properly excluded when the expert "made no attempt to test his hypothesis" even though the "theory is certainly capable of being tested." *Bielskis*, 663 F.3d at 894. "What science treats as a useful but untested hypothesis the law should generally treat as inadmissible speculation." *Tamraz v. Lincoln Electric Co.*, 620 F.3d 665, 677 (6th Cir. 2010).[2]

1. *Guryan's First Untested Assumption.*



---

[2] *See also Loeffel Steel Products v. Delta Brands, Inc.*, 387 F. Supp. 2d 794, 803, 807 (N.D. Ill. 2005) (excluding expert testimony that was not tested, not peer reviewed, and the expert was "incapable of assessing the validity of the information" underlying his opinions).

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

2. *Guryan's Second Untested Assumption.*

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

███████████████████████████████████████████████████

██████

　　███████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████

3. *Guryan's Third Untested Assumption.*

　　███████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████

　　███████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

---

████████████████████████

████████████████████████████████████████████████████
████████████████████████████████████████████████████
█████

4. *Guryan's Fourth Untested Assumption.*

   ███████████████████████████████████████
   ███████████████████████████████████████
   ███████████████████████████████████████
   ████████████████████████████████████████
   ███████████████████████████████████████
   █████████████████████████████████████
   ███████████████████████████████████████
   ████████████████████████████

   **b. Dr. Guryan Has Not Previously Used This Methodology.**

   ██████████████████████████████████
   ███████████████████████████████████████
   ███████████████████████████████████████
   ███████████████████████████████████████
   ███████████████████████████████████████
   ███████████████████████████████████████
   █████████████████████████████

   **c. Guryan's Analysis Ignores a Huge Amount of Relevant Information.**

   ██████████████████████████████████
   ███████████████████████████████████████
   ███████████████████████████████████████
   ███████████████████████████████████████
   ███████████████████████████████████████

[redacted]

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

███████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

**d. Guryan's Analysis Lacks Intellectual Rigor.**

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████



### e. His Analysis Will Complicate an Otherwise Straightforward Issue.

Guryan's analysis will not help the trier of fact understanding the costs Northwest Pallet incurs to process PECO pallets and, in fact, adds an unnecessary level of complexity. The Supreme Court noted in *Daubert* that FRE 702 implicates FRE 403. 509 U.S. at 595.[4] FRE 403 states that that "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of ... confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Guryan's analysis complicates a very straightforward issue. *Champagne Metals v. Ken-Mac Metals, Inc.*, 458 F.3d 1073, 1080 n. 4 (10th Cir. 2006) (excluding economist's testimony that might confuse jury). His report will force the trier of fact to consider several issues that are not relevant to the outcome of the case. These issues include whether his assumptions are valid, whether he relied upon sound data, the concept of "marginal cost," and whether his methodology was reliable. Because Guryan's opinion will not help the trier of fact determine a fact at issue in the case and adds unnecessary complication, the Court should exclude his opinion.

---

[4] *See also United States v. Hall*, 165 F.3d 1095, 1104 (7th Cir. 1999) ("Rule 702 analysis incorporates a consideration of the Rule 403 dangers… That is, Rule 702 compels a district court to consider whether the expert testimony would be misleading or confusing in the context of the trial.").

13

**f. Guryan's Rebuttal Reports Are Also Inadmissible Under FRE 702.**

Guryan submitted two rebuttal reports, the first dated April 4, 2018 and the second dated April 24, 2018. The April 24 report is attached hereto as Exhibit H. Guryan's analysis as set forth in either report is inadmissible under FRE 702 or *Daubert*.

[Redacted]

## CONCLUSION

WHEREFORE, for the foregoing reasons, Northwest Pallet Supply Co., respectfully requests that the testimony of Jonathan Guryan be excluded at trial and any other relief this Court deems just and proper.

**DATED**: June 20, 2018

Respectfully submitted,

**Northwest Pallet Supply Co.**

/s/ David G. Wix
One of its attorneys

14

Daniel W. Tarpey
David G. Wix
Matthew M. Showel
**TARPEY WIX LLC**
225 W. Wacker Drive, Suite 1515
Chicago, IL 60606
(312) 948-9090 Office
(312) 948-9105 Fax

**CERTIFICATE OF SERVICE**

    I, undersigned attorney, hereby certify that on June 20, 2018, I electronically filed Memorandum of Law Northwest Pallet Supply Co.'s Motion to Exclude the Testimony of Jonathan Guryan with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

        /s/ David G. Wix
        David G. Wix
        Tarpey Wix LLC
        225 W. Wacker Drive, Suite 1515
        Chicago, IL 60606
        (312) 948-9090
        dwix@tarpeywix.com
        *Attorney for Northwest Pallet Supply Co.*